UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

MARY R.,[1]

                                            Plaintiff,        Case # 20-CV-6696-FPG

v.                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                            Defendant.
───────────────────────────────────────

**INTRODUCTION**

On April 20, 2017, Plaintiff Mary R. filed an application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), alleging disability beginning on May 7, 2014, due to multiple mental and physical impairments. Tr.[2] 164-72. The Social Security Administration ("SSA") denied her claim and Plaintiff filed a timely request for a hearing.

Plaintiff appeared and testified at a hearing before Administrative Law Judge John Costello (the "ALJ") on May 7, 2019. Tr. 32-64. A vocational expert also testified. The ALJ issued an unfavorable decision on July 30, 2019. Tr. 15-27. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 15, 16. Plaintiff replied. ECF No. 17. For the reasons that follow,

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 14.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

## LEGAL STANDARD

### I.     District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.    Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education,

and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 7, 2014, the alleged onset date. Tr. 17. At step two, the ALJ concluded that Plaintiff had the following severe impairments: fibromyalgia and osteopenia. Tr. 18-20. The ALJ concluded that Plaintiff's hypertension, migraine headaches, and anxiety were non-severe. Tr. 18-20.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 20. Next, the ALJ determined that Plaintiff retained the RFC to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c). Tr. 21-26.

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a teacher aide II, which required only light work. Tr. 26-27. Alternatively, at step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform and, therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26-27.

### II. Analysis

Plaintiff argues that (1) the ALJ failed to properly address the more restrictive aspects of consultative evaluator Harbinder Toor, M.D.'s opinion, while adopting the less restrictive parts of the opinion and (2) the ALJ failed to consider Plaintiff's non-severe impairments throughout the balance of the sequential evaluation. ECF No. 15-1 at 1. Because the Court agrees with Plaintiff's first argument, it declines to address the second.

It is well-settled that an ALJ's reasoning "must be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Moss v. Comm'r of Soc. Sec.*, No. 18-CV-365, 2020 WL 896561, at *3 (W.D.N.Y. Feb. 25, 2020). If the ALJ does not explicitly articulate, or a reviewing court cannot otherwise discern, how the ALJ arrived at particular restrictions, it raises the specter that the ALJ either cherry-picked the evidence to justify a pre-ordained conclusion, or interpreted the medical evidence based on his own lay judgment—both of which constitute error. *See, e.g.*, *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) ("Reviewing courts decry administrative 'cherry picking' of relevant evidence."). Put simply, the ALJ must tether the restrictions in the RFC to competent evidence and must provide a sufficient explanation to ensure "meaningful judicial review." *Moss*, 2020 WL 896561, at *3.

Generally, an ALJ must "reconcile discrepancies between [his] RFC assessment and medical source statements." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006). While an "ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony, he cannot simply selectively choose evidence in the record that support his conclusions." *Id.* (quoting another source). Rather, when the RFC conflicts with a medical opinion, an ALJ must "explain why the opinion was not adopted." *Id.* (quoting another source).

Here, the ALJ failed to reconcile the opinion of consultative evaluator Dr. Toor with the RFC, despite that the ALJ purportedly found Dr. Toor's opinion to be "persuasive." Tr. 25. Dr. Toor opined that Plaintiff had "mild to moderate limitations standing, walking, sitting, bending, lifting, carrying," as well as that "pain due to fibromyalgia and migraines can interfere with her routine." Tr. 587. In an appended medical source statement, Dr. Toor indicated that Plaintiff could

4

sit, stand, and walk for four hours each. Tr. 589. But Dr. Toor also opined that Plaintiff could sit, stand, and walk for only 30 minutes at a time without interruption. Tr. 589.

The ALJ found Dr. Toor's opinion to be "persuasive." Tr. 25. He credited Dr. Toor's opinion that Plaintiff could "sit for four total [sic], stand for four hours total and walk for four hours total in an eight-hour workday." Tr. 25. In crediting the opinion, the ALJ concluded that the opinion was "well supported by [Dr. Toor's] findings and detailed examination" and that the opinion was "consistent with the record as a whole." Tr. 25. Ultimately, the ALJ concluded that "Dr. Toor's opinion was given consideration in the formulation of the claimant's residual functional capacity." Tr. 25.

But the ALJ did not mention—let alone meaningfully evaluate—the part of Dr. Toor's opinion that would have required Plaintiff to alternate between sitting, standing, and walking for periods of no more than 30 minutes each. It is unclear whether the ALJ's treatment of this part of Dr. Toor's opinion was intentional, or just an oversight. Either way, the record does not support ignoring or rejecting this part of Dr. Toor's opinion.

The Commissioner argues that, contrary to Plaintiff's argument otherwise, Dr. Toor does *not* opine that Plaintiff "would be required to alternate between sitting and standing/walking." ECF No. 16-1 at 17. This is so, the Commissioner argues, because medium work "requires standing or walking, *off and on*, for a total of approximately 6 hours in an 8-hour workday" and Dr. Toor explicitly indicated that Plaintiff could stand for four hours and walk for four hours in a workday. ECF No. 16-1 at 17 (emphasis added). In other words, Dr. Toor's opinion suggests that Plaintiff could work an entire day without *ever* sitting.

To the extent that Dr. Toor's opinion suggests Plaintiff would need a sit/stand option, that opinion is inconsistent with medium work. *See* SSR 83-12, 1983 WL 31253, at *4 (Jan. 1, 1983)

(noting that a sit/stand opinion is generally inconsistent with even light and sedentary work and requires a vocational expert's testimony). However, the Commissioner may be correct that Dr. Toor's opinion does not necessarily *require* that Plaintiff be able to alternate between sitting and standing/walking. Still, the ALJ's error is not so much that he did not address whether Plaintiff would have to sit, but more fundamentally (1) whether Plaintiff's ability to sit, stand, or walk is limited to a maximum of 30 minutes at a time and (2) whether Plaintiff would be required to alternate positions, irrespective of whether the position change involved sitting. The answers to each of those questions—which the ALJ did not venture to answer—could have affected the RFC. Without an explanation from the ALJ as to why he chose to omit any analysis regarding Plaintiff's limitations for sitting, standing, and walking, and in the absence of any testimony from a vocational expert regarding the effect of these limitations on the RFC, the Court is unable to meaningfully review the ALJ's evaluation of Dr. Toor's opinion. *See Perkins v. Berryhill*, No. 17-CV-6327, 2018 WL 3372964, at *4 (W.D.N.Y. 2018) ("Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 15, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 16, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 22, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York